IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. FERGUSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AON RISK SERVICES COMPANIES, INC., *et al.*, <br><br> Defendants. | Case No. 20-cv-07491 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring this action for professional negligence and breach of contract against Defendants. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons given below, the Motion to Dismiss [10] is granted in part and denied in part.

**I. Background**

The following factual allegations are taken from the Complaint (Dkt. 1-1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).[1]

Aon[2] is a large insurance brokerage and risk-management provider. Compl. at ¶ 1. Aon was retained by Stirling Cooke Brown Holdings, Ltd. ("SCBH") to place and manage a $50 million errors and omissions liability program. *Id.* at ¶ 2. This

---

[1] The case was removed by Defendants from state court on December 17, 2020. (Dkt. 1).

[2] Defendants Aon Risk Services Companies, Inc., Aon Risk Services Central, Inc., and Aon Risk Services Southwest, Inc., each separate corporate entities, are collectively referred to for ease of reference as "Aon".

1

agreement was memorialized in 1996 ("Aon-SCBH Contract"). *Id.* at ¶¶ 17, 23, 46; Exh. A. Plaintiffs claim that Aon failed to notify excess insurers of substantial claims arising out of work by Raydon Underwriting Management Company, Ltd. ("Raydon"), a subsidiary of SCBH, for Raydon clients Clarendon America Insurance Company and Clarendon National Insurance Company (collectively, "Clarendon"). *Id.* at ¶ 2. In addition Aon concealed from SCBH, Raydon and Clarendon its failure to communicate with or notify the excess insurers. *Id.* Plaintiffs, successors in interest to Clarendon, state that they uncovered Aon's errors through discovery in New Jersey insurance recovery litigation. *Id.*

Plaintiffs are assignees and subrogees of Clarendon and beneficial interest holders in a judgment against Raydon awarded in the Supreme Court of Bermuda in September 2011 in the amount of $92.137 million. *Id.* at ¶¶ 4, 5, 6, 24, 32. This judgment arises out of Raydon's work for Clarendon. *Id.* at ¶ 24. Ferguson sued Raydon in the Bermuda court for its "wrongful acts" in establishing a reinsurance program for Clarendon called the "LMX program." *Id.* at ¶¶ 31-32. By the time Plaintiffs sued Raydon, it was no longer an ongoing concern. Raydon defaulted and failed to satisfy any part of the Bermuda judgment. According to Plaintiffs, their failure to collect the judgment from SCBH's excess insurance policies is the direct and proximate consequence of Aon's failure to give adequate notice under the policies. *Id.* at ¶ 37. Plaintiffs claim they were forced to compromise the claims for a small fraction of the combined policy limits and now seek damages for Aon's failure to honor

2

contractual commitments and adhere to the brokerage and risk-management industry's standard of care. *Id.* at ¶ 3.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III. Analysis

Plaintiffs bring two claims, for professional negligence and breach of contract. Defendants seek dismissal with prejudice of both counts.

### A. Breach of Contract

In Count II, Plaintiffs allege that Clarendon was a third-party beneficiary to the Aon-SCBH Contract. Compl. at ¶¶ 18, 47, 50. Plaintiffs allege that Aon breached the contract with respect to Clarendon's claims because Aon failed to discharge its day-to-day management responsibilities, failed to maintain continuous proactive involvement in the claims, failed to report Clarendon's claims to excess underwriters, failed to develop claims strategies and to establish paper trails with the excess underwriters. *Id.* at ¶ 49. Plaintiffs claim damage from Aon's breaches of contract because they were unable to collect the liability limits of the policies. *Id.* at ¶ 50.

In Illinois[3] the elements of breach of contract are: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *W.W. Vincent & Co. v. First Colony Life Ins. Co.,* 351 Ill. App. 3d 752, 759, 814 N.E.2d 960, 967 (1st Dist. 2004). In moving to dismiss, Aon contends that Plaintiffs, as non-parties to the Aon-SCBH Contract, lack

---

[3] The parties do not dispute at this time that Illinois law applies. (Dkt. 11 at 13; Dkt. 17).

4

standing to assert a breach of contract claim, and fail to identify any contractual provision that Aon breached.

Plaintiffs allege they are third-party beneficiaries to the Aon-SCBH Contract. Illinois law permits a third party to a contract to sue for breach if the contract "intended to confer a benefit" on the third party. *Advanced Concepts Chi., Inc. v. CDW Corp.*, 938 N.E.2d 577, 581 (Ill. App. Ct. 2010). "[T]o determine whether the contracting parties intended to benefit a nonparty to the agreement, courts must look at the terms of the contract and the circumstances surrounding the parties at the time of its execution." *Id.* As Aon argues, "a presumption exists that contracting parties did not intend to confer beneficiary status on a third party, as parties typically enter into contracts for their own benefit." *Harleysville Ins. Co. v. Mohr Architecture, Inc.*, 2021 IL App (1st) 192427, ¶ 32. Although the intent to benefit a third party generally "must be evidenced by an express provision in the contract identifying the third-party beneficiary," it may also be shown by implication in the contract that is "so strong as to be practically an express declaration." *155 Harbor Drive Condo. Ass'n v. Harbor Point Inc.*, 209 Ill. App. 3d 631, 647, 568 N.E.2d 365, 375 (1991) (cleaned up). "The promise does not have to be for the sole benefit of the third party as long as it is for its direct or substantial benefit." *Advanced Concepts Chi.*, 938 N.E.2d at 581; *see also Town & Country Bank v. James M. Canfield Contracting Co.*, 370 N.E.2d 630, 635 (Ill. App. Ct. 1977) (same).

Taking Plaintiffs' factual allegations as true, as the Court must at this pleading stage, Plaintiffs have stated a breach of contract claim as a third-party beneficiary.

5

Plaintiffs specifically allege that SCBH retained Aon for the purpose of meeting Clarendon's requirements and to protect Clarendon in the event of any negligence by Raydon or other SCBH companies. Compl. ¶17. Aon agreed to obtain $50 million protection for any errors or omissions by Raydon or SCBH. *Id*. Plaintiffs further allege that in entering the contract, Aon was aware that Clarendon was SCBH and Raydon's primary client and that Clarendon and SCBH/Raydon agreed to obtain the liability protection for Clarendon's benefit. *Id.* ¶¶17-19, 23, 47; Exh. A. Even if Clarendon (and certainly not Plaintiffs) was not specifically named in the Aon-SCBH Contract, that does not foreclose Plaintiffs' claim at this stage. *See Advanced Concepts Chicago, Inc.*, 405 Ill. App. 3d at 296 (even if a third party is not specifically named in contract, "it is sufficient that a class of potential third-party beneficiaries be adequately defined."); *Crawford v. Belhaven Realty LLC*, 2018 IL App (1st) 170731, ¶ 60, 109 N.E.3d 763, 777 ("a third-party beneficiary contract may exist even if the beneficiary is not named, not identifiable, or not yet in existence, so long as the beneficiary is identifiable or in existence when the time for performance arrives.") (cleaned up).

*Martis v. Grinnell Mut. Reinsurance Co.*, relied on by Aon, decided an issue of first impression in Illinois—whether a medical provider is a third-party beneficiary of a workers' compensation policy. 388 Ill. App. 3d 1017, 1020, 905 N.E.2d 920, 925 (2009). That case is factually distinguishable and in addition, plaintiff there did not "sustain[] his burden *of proving* that he was a third party beneficiary of the workers' compensation policy." *Id*. at 1023-24 (emphasis added).[4] Whether Plaintiffs here will

---

[4] Another case relied on by Aon, *F.H. Paschen/S.N. Nielsen, Inc. v. Burnham Station*, L.L.C., 372 Ill. App. 3d 89, 96, 865 N.E.2d 228, 235 (2007) was decided on summary judgment.

6

meet their heavy burden to prove they were a third-party beneficiary will be resolved at a later stage.

Aon also argues that Plaintiffs did not identify any contractual provision that Aon breached. Plaintiffs respond that they have identified two contracts—Aon's original commitment to handle Raydon's claims and Aon's 1999 agreement to provide notice of Clarendon's LMX claim. (Dkt. 17 at 11; Compl. ¶¶ 23, 29). The contractual obligations arising out of those agreements, Plaintiffs allege, were an agreement to handle "day to day" claims management, including Aon's "commitment to deliver notice of claims or potential claims" to insurers and Aon's agreement to notify insurers of Clarendon's claim. Compl. ¶¶ 29, 46-47. Accepting the complaint's allegations as true and drawing reasonable inferences therefrom, Plaintiffs' complaint sufficiently alleges that Aon breached its agreements.

### B. Professional Negligence

Plaintiffs claim that it was reasonably foreseeable to Aon, insurance broker for SCBH and its subsidiaries, that Aon's failure to provide timely and proper notice to one or more excess insurers would harm claimants like Plaintiffs by preventing Plaintiffs from being compensated for their losses. Compl. ¶ 43. Aon contends that the economic loss doctrine bars Plaintiffs' negligence claim.

The general rule is that a plaintiff suffering solely economic loss cannot recover damages for negligence. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 88, 435

---

Although some of Aon's cases were decided on a motion to dismiss, they do not override the federal notice pleading standard. *See Maxtech Consumer Prod., Ltd. v. Chervon N. Am. Inc.*, 2019 WL 2743463, at *3 (N.D. Ill. July 1, 2019) (rejecting defendant's reliance on the higher fact-pleading standard under Illinois law).

7

N.E.2d 443, 452 (1982). "[R]ecovery in tort for purely economic loss is precluded where a service provider's duties are defined by contract." *Harleysville Ins. Co.*, 2021 IL App (1st) 192427, ¶ 62. "[T]he key question is whether the defendant's duty arose by operation of contract or existed independent of the contract." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 567 (7th Cir. 2012). Exceptions to the general rule "have in common the existence of an extra-contractual duty between the parties, giving rise to a cause of action in tort separate from one based on the contract itself." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011).

Plaintiffs maintain that an exception applies because Aon is an "information provider." This exception applies when "one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations." *Moorman,* 91 Ill. 2d at 89. This exception is construed narrowly. *See Interlease Aviation Invs. II v. Vanguard Airlines, Inc.*, 2004 WL 1149397, at *18 (N.D. Ill. May 20, 2004); *Kim v. State Farm Mut. Auto. Ins. Co.*, 2021 IL App (1st) 200135, ¶ 49 ("the tort of negligent misrepresentation is a narrow and limited exception to the *Moorman* doctrine"); *Toulon v. Cont'l Cas. Co.,* 2015 WL 4932255, at *4 (N.D. Ill. Aug. 18, 2015); *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 341, 843 N.E.2d 327, 336 (2006) (title insurer "not in the business of supplying information when it issues a title commitment or a policy of title insurance and, accordingly, the negligent misrepresentation exception to the *Moorman* doctrine does not apply.").

8

The parties disagree about the import of *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.,* 933 F.3d 806 (7th Cir. 2019). The Seventh Circuit in *Landmark* discussed the Illinois Insurance Placement Liability Act, 735 ILCS 5/2-2201. Interpreting the Act, the Court explained that "liability attaches only if a broker had a duty to perform the action it allegedly performed negligently. [Defendant] has identified no Illinois cases establishing that insurance brokers have a duty to deliver notice of claims on behalf of an insured, and so its negligence claim fails." *Id.*[5] Aon argues that *Landmark* demonstrates that it did not have any tort-based duty to notify SCBH carriers of the claims against Raydon. Although *Landmark* did not address the economic loss doctrine, the Court agrees with Aon that it supports the finding that the exception to the *Moorman* doctrine does not apply here.

Aon was *SCBH*'s insurance broker. As Plaintiffs concede, "Aon was *SCBH/Raydon's* professional business advisor." (Dkt. 17 at 22, emphasis added). Clarendon was not the insured. Plaintiffs have not alleged that Aon was obligated to provide Plaintiffs with guidance or advice or that there was a fiduciary duty between Aon and Plaintiffs. *Kanter v. Deitelbaum*, 271 Ill. App. 3d 750, 753, 648 N.E.2d 1137, 1139 (1995), relied on by Plaintiffs, was a lawsuit brought by an insured against their insurance broker. The Illinois appellate court held that "under *these facts and circumstances*, an insurance broker, admittedly having a *fiduciary duty to an insured*,

---

[5] Defendant argued "that Gallagher voluntarily entered into an 'affirmative undertaking' to provide notice, and its undertaking created a duty to perform that act non-negligently." *Landmark,* 933 F.3d at 816. The Seventh Circuit did not address the argument though, finding it waived because it was only raised in the reply brief.

9

is in no different position than an attorney or an accountant in relationship to plaintiffs." *Id*. at 755 (emphasis added).

Plaintiffs have not shown that their negligence claim fits within this narrow and limited exception to the economic loss doctrine. Plaintiffs' professional negligence claim, Count I, is dismissed with prejudice.

### C. Statute of Limitations

Aon argues that Illinois' two-year statute of limitations for claims against insurance brokers (735 ILCS 5/13-214.4) bars all of Plaintiffs' claims. Aon contends that Plaintiffs have been on notice of their claims for at least eight years. Plaintiffs argue that Aon relies on the wrong statute of limitations and in any event, their claims are timely. Plaintiffs allege they first learned that Aon may have failed to give the excess insurers notice of Clarendon's claims in December 2017, and then filed suit against Aon in 2019 in New Jersey, then filed this action within one-year of the dismissal, in December 2020.

"Because complaints need not anticipate and attempt to plead around defenses, a motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (cleaned up). "A court may only dismiss a claim as untimely under Rule 12(b)(6) if it is clear from the face of the... complaint that it is hopelessly time-barred." *BCBSM, Inc. v. Walgreen Co.*, 512 F.

Supp. 3d 837, 858 (N.D. Ill. 2021) (cleaned up).[6] The parties vigorously dispute not just the applicable statute of limitations but the facts about when Plaintiffs knew or reasonably should have known of the alleged injury. The Court finds that this case does not rise to the level of requiring dismissal at the pleading stage on limitations grounds, though Aon may raise the defense at a later stage.

## IV. Conclusion

For the stated reasons, Defendants' Motion to Dismiss [10] is granted in part and denied in part. Count I is dismissed with prejudice and Count II survives.[7]

E N T E R:

Dated: September 28, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

---

[6] *Cf. In re marchFIRST Inc.,* 589 F.3d 901, 905 (7th Cir. 2009) (plaintiff pled itself out of court because it failed to include in the complaint *any* triggering facts that occurred during the time window).

[7] Aon's request for oral argument is denied.

11